UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRIS K. BENNETT,<br><br>      Plaintiff,<br><br>  v.<br><br>CHRIS HICKS, Correctional Unit Supervisor, JOHN DOE, Officer, and JOHN DOE, Officer,<br><br>      Defendants. | NO. 2:21-CV-0154-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant Chris Hicks' Motion for Summary Judgment (ECF No. 43). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant Chris Hicks' Motion for Summary Judgment (ECF No. 43) is **granted in part** and **denied in part**.

## BACKGROUND

This case concerns a prisoner complaint regarding an assault that occurred at Coyote Ridge Corrections Facility ("CRCC") in Washington. ECF No. 9.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ~ 1

While proceeding *pro se*, Plaintiff file his First Amended Complaint which raises an "Eighth Amendment – Failure to Protect" claim against CRCC Correctional Unit Supervisor ("CUS") Chris Hicks and other unknown officers. *See id.* On June 2, 2022, CUS Hicks filed the present Motion for Summary Judgment. ECF No. 43. Plaintiff subsequently obtained counsel, who filed a response on his behalf. ECF No. 64. CUS Hicks timely filed a reply, which included a motion to strike portions of Plaintiff's response. ECF No. 65. Except where noted, the following facts are not in dispute.

On April 24, 2017, Plaintiff pled guilty to Attempted Rape of a Child in the Second Degree and to Possession of Depictions of a Minor Engaged in Sexually Explicit Conduct in the First Degree. ECF No. 44 at 1, ¶ 1. On July 20, 2017, Plaintiff was transferred to the prison system at CRCC. *Id.* at 2, ¶ 3. On July 19, 2018, CRCC staff recommended Plaintiff be promoted from Medium Custody to Minimum Custody. *Id.* at 3–4, ¶¶ 11–14. Plaintiff did not want to move to Minimum Custody. *Id.* at 4, ¶ 14. On September 14, 2018, Plaintiff was moved to Minimum Custody. *Id.*, ¶ 15.

Plaintiff arrived at H Unit sometime between 8:00 and 10:00 in the morning. *Id.* at 5, ¶ 26. After arriving, Plaintiff was pulled out of his cell by an inmate who told him that he knows his cellmate and that "[h]e's got a lot of time, as he told

you, He don't care. If he don't like you, you're not going to be here, period. And my recommendation is to … move. Do something." ECF No. 64 at 3.

After this conversation, Plaintiff met with CUS Hicks and asked to be rehoused. ECF No. 44 at 6, ¶ 18. CUS Hicks contends Plaintiff stated his cellmate did not want him and he did not want to be at H Unit, but did not articulate any specific threats to his safety. *Id.*, ¶ 19. Plaintiff asserts he told CUS Hicks that his cellmate was "unstable, aggressive, and threatening" and that his "red flags were up" and he was uncomfortable in his cell. *Id.* at 7, ¶¶ 35, 36. CUS Hicks maintains Plaintiff did not say anything about being "paper-checked, threatened, assaulted, or being in fear for his safety." *Id.* at 8, ¶ 43.

CUS Hicks told Plaintiff to give the housing assignment a try and that he would revisit the issue the following Sunday if Plaintiff still wanted to be rehoused. *Id.* at 4–5, ¶ 20. CUS Hicks asserts no beds were available and based on his experience, he believed inmates are resistant to changes in living situations that ultimately work themselves out after an adjustment period. *Id.* at 5, ¶¶ 21, 24.

CUS Hicks also met with Plaintiff's cellmate, who informed CUS Hicks that Plaintiff was not a good fit but CUS Hicks asserts the cellmate did not articulate any safety issues or risks to Plaintiff. *Id.*, ¶ 23. CUS Hicks asked corrections officers on the floor to keep an eye on the cell, anticipating that the situation would resolve itself. *Id.*, ¶ 25.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

At approximately 3:20 pm, ten minutes before the assault, Plaintiff asked to see a CUS or counselor, stating "I just can't go back to my cell with someone so unstable." *Id.*, ¶ 28. Mr. Bennett was assaulted in his cell around 3:30 pm. *Id.* at 6, ¶ 27. Plaintiff was subsequently taken to the hospital for medical care. *Id.*, ¶ 29. Plaintiff received a concussion, permanent hearing damage, and broken ribs from the assault. ECF No. 64 at 2.

## DISCUSSION

### I. Summary Judgment Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**II. Motion to Strike**

As an initial matter, CUS Hicks moves to strike Plaintiff's statement of facts containing hearsay. ECF No. 65 at 2.

Inadmissible hearsay is an out of court statement used to prove the truth of the matter asserted that is not subject to any exception. *See* Fed. R. Evid. 802, 802. A court may consider inadmissible hearsay evidence on a motion for summary judgment so long as the underlying evidence may be provided in an admissible form at trial. *JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1110 (9th Cir. 2016).

The Court finds it inappropriate to strike the hearsay statements because the statements could be presented in an admissible form, i.e. testimony, at trial. Therefore, Plaintiff's motion to strike is denied.

### III. Eighth Amendment

CUS Hicks move for summary judgment on Plaintiff's failure to protect claim on the grounds he cannot be sued in official capacity and that no constitutional violation was committed in his individual capacity. *See* ECF No. 43.

#### A. Official Capacity

It is well settled that states, state agencies, and state officials acting in their official capacities are not susceptible to suits under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

CUS Hicks, acting in his official capacity, is a state actor and is therefore not a "person" susceptible to suit under § 1983. Therefore, summary judgment on Plaintiff's § 1983 claim against CUS Hicks in his official capacity is appropriate.

#### B. Individual Capacity

The Eighth Amendment requires prison officials to protects inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To assert a failure to protect claim, a plaintiff must show (1) he was "incarcerated under conditions posing a substantial risk of [objectively] serious

harm" and (2) the official was subjectively aware of that risk and acted with "'deliberate indifference' to inmate health or safety." *Id.* at 834.

    a. <u>Substantial Risk of Serious Harm</u>

It is undisputed Plaintiff was attacked by his cellmate which resulted in Plaintiff's concussion, permanent hearing loss, and broken ribs. CUS Hicks does not challenge this first prong. *See* ECF No. 43. Viewed in light most favorable to Plaintiff, the Court finds there was a substantial risk of serious harm in keeping Plaintiff in the cell where he was attacked.

    b. <u>Deliberate Indifference</u>

The parties dispute whether CUS Hicks was aware of the risk and acted with deliberate indifference to Plaintiff's health and safety. ECF Nos. 43, 64.

A prison official acts with deliberate indifference where the official knows of and disregards an "excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

There is evidence suggesting CUS Hicks knew about the hostility from Plaintiff's cellmate. *Cortez v. Skol*, 776 F.3d 1046, 1052 (9th Cir. 2015). It is undisputed that Plaintiff asked CUS Hicks to rehouse him due to a conflict with his cellmate on the first day of his housing assignment, CUS Hicks talked with that

cellmate who said Plaintiff was not a "good fit", and CUS Hicks asked corrections officers to keep an eye on the cell. ECF No. 44 at 5, ¶¶ 23, 25. While CUS Hicks maintains Plaintiff did not specify any specific threats, Plaintiff asserts he told him that the cellmate was "unstable, aggressive, and threatening" and that Plaintiff's "red flags were up" and he was uncomfortable in his cell. *Id.* at 7, ¶¶ 35, 36.

Viewed in light most favorable to Plaintiff, there are triable issues of material fact as to whether CUS Hicks was deliberately indifferent to a substantial risk of serious harm. Therefore, summary judgment as to CUS Hicks' individual liability for failure to protect Plaintiff in violation the Eighth Amendment is not appropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Chris Hicks' Motion for Summary Judgment (ECF No. 43) is **DENIED**.

2. Plaintiff's claim against Defendant Chris Hicks in his official capacity is **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **OPEN**.

DATED November 14, 2022.



THOMAS O. RICE
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8