UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRIS K. BENNETT,<br><br>                       Plaintiff,<br><br>   v.<br><br>CHRIS HICKS, Correctional Unit Supervisor, JOHN DOE, Officer, and JOHN DOE, Officer,<br><br>                       Defendants. | NO. 2:21-CV-0154-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER AND DENYING QUALIFIED IMMUNITY |

BEFORE THE COURT is Defendant Chris Hicks' Motion to Reconsider (ECF No. 69). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed.

**DISCUSSION**

Motions for reconsideration are generally disfavored. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or.*

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER AND DENYING QUALIFIED IMMUNITY ~ 1

1  *v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  "There may also be other,
2  highly unusual, circumstances warranting reconsideration."  *Id.*

3      Defendant CUS Hicks moves for reconsideration of the Court's Order
4  granting in part and denying in part his Motion for Summary Judgment, ECF No.
5  68, on the grounds the Court did not address the qualified immunity argument.
6  ECF No. 69.  The Court grants the present motion to address qualified immunity.

7      Qualified immunity shields government actors from civil damages unless
8  their conduct violates "clearly established statutory or constitutional rights of
9  which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S.
10 223, 231 (2009).  In evaluating a state actor's assertion of qualified immunity, the
11 Court must determine: (1) whether the facts, viewed in the light most favorable to
12 the plaintiff, show that the defendant's conduct violated a constitutional right; and
13 (2) whether the right was clearly established at the time of the alleged violation
14 such that a reasonable person in the defendant's position would have understood
15 that his actions violated that right.  *See Saucier v. Katz*, 533 U.S. 194, 201-02
16 (2001) (*overruled in part by Pearson,* 555 U.S. at 227) (holding that courts may
17 exercise sound discretion in deciding which of the two prongs should be addressed
18 first).  If the answer to either inquiry is "no," then the defendant is entitled to
19 qualified immunity and may not be held personally liable.  *Glenn v. Washington*
20 *Cty.*, 673 F.3d 864, 870 (9th Cir. 2011) (citing *Pearson*, 555 U.S. at 236).

The second prong of the *Saucier* analysis must be "undertaken in light of the specific context of the case, not as a broad general proposition." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). Thus, "officers are entitled to qualified immunity unless existing precedent squarely governs the specific facts at issue." *Id.* at 1153; *see Sharp v. Cty. of Orange*, 871 F.3d 901, 911 (9th Cir. 2017) (Plaintiff "must point to prior case law that articulates a constitutional rule specific enough to alert *these* deputies *in this case* that *their particular conduct* was unlawful."). Such precedent "must be 'controlling' – from the Ninth Circuit or Supreme Court – or otherwise be embraced by a 'consensus' of courts outside the relevant jurisdiction." *Sharp*, 871 F.3d at 911 (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

The Court previously answered the first prong, i.e. viewed in light most favorable to Plaintiff, there are issues of material facts as to whether CUS Hicks violated Plaintiff's Eighth Amendment right. ECF No. 68. The only remaining question is whether the right was clearly established at the time of the alleged violation.

No prison official:

> can claim ignorance to a prisoner's right to be protected from violence at the hands of other inmates. That right has been clearly established since the Supreme Court's decision in *Farmer v. Brennan* in 1994 …. We have recently and explicitly held that it is clearly established that prison officials must 'take reasonable measures to mitigate the [known] substantial risk[s]' to a prisoner.

ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER AND DENYING QUALIFIED IMMUNITY ~ 3

*Wilk v. Neven*, 956 F.3d 1143, 1150 (9th Cir. 2020) (citing *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016)).

CUS Hicks' primary reliance on Fourth Amendment case law is not on point. In light of *Farmer* and subsequent Ninth Circuit law, it is clearly established that a prison official's deliberate indifference to a threat of serious harm to a prisoner violates the Eighth Amendment. Based on the issues of material facts set forth in the Court's prior Order, CUS Hicks is not entitled to qualified immunity.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant Chris Hicks' Motion to Reconsider (ECF No. 69) is **GRANTED**. However, based on the issues of material facts set forth in the Court's prior Order, CUS Hicks is not entitled to qualified immunity.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED November 23, 2022.



THOMAS O. RICE
United States District Judge